IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EILEEN M. KATICA,<br><br>              Plaintiff,<br><br>   v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>              Defendant. | Cause No. CV **16-00150-DLC-RWA**<br><br>ORDER |

      Defendant Allstate Fire and Casualty Insurance Company ("Allstate") filed a Motion on May 23, 2018, seeking to disqualify Jeff Tuttle ("Tuttle") from serving as Plaintiff Eileen M. Katica's ("Katica") trial counsel and from conducting depositions in this action on grounds Tuttle is a necessary witness. Katica, through her Montana counsel, filed a Brief in Response on June 6, 2018, countering that the acts of Katica and Tuttle are irrelevant, that Tuttle is not a necessary witness, and that Allstate can obtain the evidence necessary to establish its defense through Allstate's adjuster and the correspondence between the parties. The matter is ready for decision.

BACKGROUND

      This is a bad faith insurance action. The underlying liability action arose, in part, when Katica was injured in a motor vehicle collision in Montana on January 25, 2014. A further underlying liability action arose when Katica was injured in another motor vehicle collision in Washington on February 14, 2014. At the time of both accidents, Katica was insured by

1

Allstate. The person who caused the January 25, 2014, accident was an underinsured motorist and the person who caused the February 14, 2018, accident was an uninsured motorist. Katica, through Tuttle, requested that Allstate tender the limits of its underinsured motorist and uninsured motorist coverages. Katica asserts that Allstate refused to pay her policy limit demands within 30 days and that Allstate failed to properly evaluate Katica's claims through pre-lawsuit discovery. Katica now alleges Allstate violated Montana's Unfair Claim Settlement Practices Act and Unfair Trade Practices Act. Mont. Code Ann. § 33-18-201, et seq.

Allstate moves the Court to disqualify Tuttle under Rule 3.7 of the Montana Rules of Professional Conduct and Rule 83.5 of the Local Rules of Procedure for the District of Montana. Allstate limits its request to disqualify Tuttle from acting as Katica's counsel at trial and from conducting depositions. Allstate argues Tuttle is a necessary witness in this matter because his pre-lawsuit communications with Allstate, which are the factual predicate to Kattica's claims, give Tuttle "unique insight and knowledge as to the facts and events underpinning the bad faith allegations asserted in this lawsuit."

APPLICABLE LAW and DISCUSSION

Rule 3.7 of the Montana Rules of Professional Conduct provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

 (1) the testimony relates to an uncontested issue;

 (2) the testimony relates to the nature and value of legal services rendered in the case; or

 (3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's

firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Mont. R. Prof. Conduct 3.7. "Courts within this district have recognized that an attorney in a bad faith case may be subject to disqualification if the attorney also represented the plaintiff in the underlying suit, and is likely to be a necessary witness in the subsequent action." *Newman v. Farmers Alliance Mutual Ins. Co.*, 2017 WL 3446630, *2 (D.Mont. 2017) (citing *Nelson v. Hartford Ins. Co. of the Midwest*, 2012 WL 761965, at *3 (D. Mont. Mar. 8, 2012) and *Northern Montana Hospital v. Continental Cas. Co.*, CV-90-57-GF-PGH (D.Mont. May 14, 1993)).

In the case *sub judice*, the Court concludes that Tuttle is likely to be a necessary witness. Unlike the attorney in *Newman*, Tuttle represented Katica during the time frame that Allstate's alleged bad faith occurred. This case is analogous to *Nelson* where counsel's testimony related to contested issues and was necessary, relevant and unobtainable elsewhere in the bad faith litigation. Allstate contends that it will question Tuttle about the information he furnished and did not furnish Allstate in relation to Katica's policy limit demands, his pre-lawsuit communications with Allstate, and that he "is the central witness to the events, settlement demands and the factual background giving rise to the UTPA claim." Dkt. 27, p.5. The Court agrees. The Court also finds that Tuttle's disqualification will not create a substantial hardship on Katica as she already has co-counsel who can continue their representation of Katica in this case.

The Court, after considering the instant motion with all the seriousness, conscientiousness, and conservative treatment such motion demands, *Nelson*, at *3, concludes that Tuttle will likely be a necessary and material witness in this action. Tuttle is, therefore, disqualified from taking depositions in this action and from appearing at trial as trial counsel. As

with the attorney in *Nelson*, Tuttle's disqualification "is necessary to preserve the integrity of the process, avoid confusing jury, and protect the other interests of the parties." *Nelson*, 2012 WL 761965, at *5. Should it appear at a later date that Tuttle will not be a necessary witness, the Court would permit Katica to raise again the issue of Tuttle's disqualification.

CONCLUSION

The balance of interests supports disqualifying Tuttle from conducting depositions and from appearing as trial counsel at the trial. Accordingly,

IT IS ORDERED that Allstate's motion to disqualify Plaintiff's counsel Tuttle (Dkt. No. 26) is GRANTED; and Jeff Tuttle is disqualified in this case from conducting depositions, making opening and closing arguments, and examining witnesses at trial. Tuttle is subject to being deposed.

Done and dated in Butte this 19th day of July, 2018.

    /s/ Richard W. Anderson
RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE