IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EILEEN M. KATICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Cause No. CV **16-00150-DLC-RWA** |

**ORDER**

Pending in this case is Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion to Compel Medical Examination filed July 13, 2018, wherein Allstate seeks an order from this Court compelling Plaintiff Eileen M. Katica's ("Katica") to submit, pursuant to Allstate's insurance policy language, to an independent medical examination conducted by Dr. Marjorie Eskay-Auerbach on September 25, 2018, in Missoula without certain restrictions, terms and conditions demanded by Katica. Katica does not oppose submitting to Allstate's requested examination, but argues that pursuant to Fed.R.Civ.P. 35, the examination must be subject to an order specifying the manner, conditions and scope of the examination. Allstate has filed a reply and the matter is ready for decision.

BACKGROUND

This is a bad faith insurance action. The underlying liability action arose, in part, when

1

Katica was injured in a motor vehicle collision in Montana on January 25, 2014. A further underlying liability action arose when Katica was injured in another motor vehicle collision in Washington on February 14, 2014. At the time of both accidents, Katica was insured by Allstate. The person who caused the January 25, 2014, accident was an underinsured motorist and the person who caused the February 14, 2018, accident was an uninsured motorist. Katica requested that Allstate tender the limits of its underinsured motorist and uninsured motorist coverages. Katica asserts that Allstate refused to pay her policy limit demands within 30 days and that Allstate failed to properly evaluate Katica's claims through pre-lawsuit discovery. Katica now alleges Allstate violated Montana's Unfair Claim Settlement Practices Act and Unfair Trade Practices Act. Mont. Code Ann. § 33-18-201, et seq.

Allstate seeks an order from the Court compelling Katica to complete the examining doctor's prescribed intake forms at 9:00 a.m. on September 25, 2018, and then submit to an orthopedic medical examination commencing at 10:00 a.m. on the same date. Those forms have not been submitted to the Court. Katica argues that the examination must be subject to an order specifying the manner, conditions and scope of the examination. Specifically, Katica contends that she should not be required to fill out any medical history, personal or other such forms, that Katica should not be required to provide the examiner with any records whatsoever, that the scope of the examination should be standard, without x-rays or other invasive diagnostics, that a person retained by Katica's counsel must be permitted to attend all phases of the examination and make an audio recording of the entire examination, and that the examiner must limit her questions to Katica's current symptoms and the injuries claimed in this case.

APPLICABLE LAW and DISCUSSION

Allstate, in its reply, first clarifies that the orthopedic examination it seeks is under Allstate's insurance policy language and not Fed.R.Civ.P. 35.[1] Counsel for Allstate explains that she cites case law applying the good cause standard for Rule 35 in her brief in support of Allstate's Motion because it affords helpful guidance. The Court likewise will look to Rule 35 in its further discussion.

Allstate concedes that the orthopedic examination of Katica "will be a routine, non-invasive orthopedic examination that does not include invasive tests, x-rays or diagnostic studies. Allstate's counsel also agrees that her office will furnish Dr. Auerbach with documents, including medical records, for Dr. Auerbach's review.

Allstate, however, argues that Katica's other restrictions, terms and conditions are unreasonable and unnecessary. Under the facts of this case, the Court agrees.

Allstate first contends that Katica is claiming duplicative and overlapping damages in multiple lawsuits and that Katica was permanently injured through multiple other events and, therefore, a thorough orthopedic examination is appropriate and necessary to allow Dr. Auerbach to complete a fair evaluation and, if a basis exists to do so, apportion symptoms and conditions related to pre-existing conditions and other causes.[2]

---

[1] The policy provision Allstate cites provides no assistance here. It merely provides:

Medical Reports
The injured person may be required to take medical examinations by physicians we choose, as often as we reasonably require. We must be given authorization to obtain medical reports and other records pertinent to the claim.

[2] In discussing Katica's pre-existing conditions, Allstate references a February 2013 motor vehicle accident that Katica was involved in that is the subject of another lawsuit in King County, Washington, a failed hip revision surgery performed in March of 2010, a 1989 accident resulting in Katica's disability, and degenerative disk disease.

3

Given the nature of the damages claimed in this action, and other lawsuits filed by Katica, the Court agrees with Allstate that Katica's proposed conditions for the examination would preclude Dr. Auerbach from performing an examination that could help Allstate apportion Katica's symptoms and injuries between the injuries claimed in the two 2014 accidents that are at issue in this case and her other pre-existing injuries and conditions. Therefore, Katica shall appear at WellCare IME, 2415 Dearborn Avenue, Missoula, Montana, on September 25, 2018 at 09:00 a.m. to complete intake forms, which may require that Katica fill out medical history, personal or other such forms. Also, while Allstate shall furnish Dr. Auerbach with Katica's prior medical records, Katica shall provide Dr. Auerbach with any information that Dr. Auerbach would normally require at an orthopedic examination and Dr. Auerbach should be able to ask questions and conduct the examination in the ordinary fashion she deems appropriate in her professional judgment. The scope of the examination should not necessarily be restricted to Katica's current symptoms and injuries claimed in this case given the medical history.

Allstate next asserts that Katica's demand to have her attorney, or someone appointed by her attorney, present at the entire examination, and Katica's demand to take an audio recording of the entire examination is unreasonable and unjustified. In accordance with well established Montana law, Katica has a right to have her attorney, or someone appointed by her attorney, present while the examiner takes Katica's history. However, that person generally cannot be present during the physical examination. *Mohr v. District Court* (1983), 202 Mont. 423, 660 P.2d 88. In *Mohr*, the plaintiff sought an order from the district court which permitted his attorney to attend a medical examination or, in the alternative, permitted him to videotape the examination. The trial court denied the plaintiff's requests and the Montana Supreme Court

accepted supervisory control. Ultimately, the Court in *Mohr* held that "the party's attorney has a right to be present while the examining physician is taking the client's history, but that the attorney cannot be present during the physical examination" because of a presumption that Rule 35, M.R.Civ.P., examinations constituted "nonadversarial proceedings." *Mohr*, 202 Mont. at 424, 660 P.2d at 88. The Montana Supreme Court later recognized that *Mohr* did not categorically preclude representation during the actual physical examination, noting that "[w]hen an examinee sufficiently demonstrates subjective predilections or the likelihood of prejudice, i.e., the exam shifts from independent in nature to adversarial, courts must have protective mechanisms at their disposal to negate the inequities." *Hegwood v. Montana Fourth Judicial Dist. Court*, 2003 MT 200, ¶ 8, 317 Mont. 30, 33, 75 P.3d 308, 310–11.

In *Hegwood*, the plaintiff opposed the defendant's request that she submit to an independent medical examination ("IME") before a so-called "hired gun" and requested a protective order which allowed a video recording of the entire IME and allowed plaintiff's counsel to attend the full IME. 2003 MT 200, ¶¶ 9 and 10. In concluding that the district court did not abuse its discretion when it prohibited the plaintiff's counsel from attending and recording the IME, the Court in *Hegwood* explained:

> This case does not present the inconvenience contemplated in [*Simms v. Montana Eighteenth Judicial Dist. Court*, 2003 MT 89, ¶ 33, 315 Mont. 135, ¶ 33, 68 P.3d 678, ¶ 33], nor the subjectivity referenced herein, to warrant remedial measures. Merely demonstrating that an examiner performs exams for the insurance industry does not inherently establish the degree of prejudice or potential for abuse as presented in *Simms*.

*Hegwood*, 2003 MT 200, ¶ 14. The Court in *Hegwood* instructed that "litigants and courts should rely on Rules 26(c) and 35(a), M.R.Civ.P., for direction[,]" explaining that the matter was

left "to the discretion of the trial courts to determine, based on the facts presented and authority derived from *Mohr* and Rules 26(c) and 35(a), M.R.Civ.P., whether to impose checks and balances (representation, recording devices, or the like) upon the IME process." 2003 MT 200, ¶ 13. Katica has not alleged nor demonstrated subjective predilections or the likelihood of prejudice. The record here, like the record in *Hegwood*, does not support Katica's proposed limiations or desired intrusion into the examination room.

Finally, Katica appears to seek an agreement from Allstate that it will not ask and Katica will not be subjected to, a subsequent examination. The issue regarding any future examination is premature and is not now before the Court. In accordance with the foregoing,

IT IS ORDERED that Allstate's Motion to Compel Medical Examination (Dkt. No. 30) is granted in part, refused in part and modified in part; and Katica shall appear and submit to an orthopedic examination at WellCare IME, 2415 Dearborn Avenue, Missoula, Montana, on September 25, 2018 at 10:00 a.m. and Katica is directed to complete intake forms at the above address on September 25, 2018, at 9:00 a.m. Katica is authorized to have her attorney, or someone appointed by her attorney, present during the intake process and while the examiner takes Katica's history, but Katica is not authorized to have her attorney, or someone appointed by her attorney, present during the actual hands on examination. There shall be no audio recording.

IT FURTHER ORDERED that Allstate shall make all medical history and personal information forms sought by the examiner available to Katica and her counsel ten (10) days prior to the September 25, 2018, examination. Katica's counsel may <u>reasonably</u> refuse responses to any questions which are <u>clearly</u> improper and unnecessary. The Court trusts it will not be required to make further direction in this regard.

Done and dated in Butte this 28th day of August, 2018.

_____
RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE